**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAIMON TERRELL WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-cv-00108 |
| | ) | |
| v. | ) | District Judge Marilyn J. Horan |
| | ) | |
| OFFICER M. SCUILLO, | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

## I.  RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice.

## II.  REPORT

### A.  PROCEDURAL BACKGROUND

Plaintiff Jaimon Terrell Woods ("Plaintiff") initiated this *pro se* prisoner's rights case on January 26, 2024, by filing a motion to proceed *in forma pauperis*, which was granted by an order entered on March 5, 2024.  ECF Nos. 1, 4.  Plaintiff's Complaint was docketed that same day, ECF No. 5, and asserted, *inter alia*, a retaliation claim against Defendant Scuillo in violation of his First Amendment rights.  The Complaint also named Tracey and Passarelli as additional defendants because they had responded to his grievances.  On March 14, 2025, Defendants' Motion to Dismiss, ECF No. 19, was granted in part and denied in part, with the claims against Defendants Tracey and Passarelli being dismissed and the claims against Defendant Scuillo being allowed to proceed.  On March 28, 2025, Defendant Scuillo answered the Complaint.  ECF No. 34.

A Case Management Order was issued on March 17, 2025, setting deadlines for discovery and filing dispositive motions.  During discovery, as required by the Federal Rules of Civil Procedure, counsel for Defendant Scuillo filed a motion to take Plaintiff's deposition.  ECF No. 36.  The motion was granted by Order entered on June 13, 2025.  ECF No. 37.  On July 16, 2025, counsel for Defendant Scuillo filed a Motion for Extension of Time to File Motion for Summary Judgment, explaining therein that additional time for filing a dispositive motion  was needed because, *inter alia*, Defendant Scuillo "is currently serving a military deployment overseas with an expected return date of October 2025."  ECF No. 42.  The motion was granted, with the Court also directing that "Defense counsel is to file a Status Report with the Clerk of Court that details the discovery that has been completed and what remains outstanding, no later than the 14th of every month, until discovery is complete." ECF No. 43.  Defense counsel subsequently filed Status Reports on August 14, 2025; September 14, 2025, and October 14, 2025.  ECF Nos. 44, 45, 48.

Concomitant with the October 14, 2025 Status Report, Defense counsel filed a Motion for Sanctions seeking dismissal of this matter pursuant to Rule 37 of the Federal Rules of Civil Procedure.  ECF No. 46.  On January 7, 2026, by Memorandum Opinion, ECF No. 54, and Order, ECF No. 55, the motion was denied to the extent that it sought dismissal of Plaintiff's Complaint. However, the motion was granted to the extent that Plaintiff was ordered to submit to a deposition and answer questions related to his underlying claim as well as other relevant background information.  The Order also directed Plaintiff to submit written responses to any outstanding discovery requests propounded by Defendant within 30 days.  Finally, counsel for Defendant was ordered to promptly notify the Court of Plaintiff's compliance or non-compliance.

On February 10, 2016, Defendant filed a Notice of Non-Compliance, ECF No. 56, representing that Plaintiff had not provided written responses to Defendant's outstanding discovery

2

requests. *Id.* ¶ 5. The Notice further advised that Plaintiff's renewed deposition had been noticed for February 12, 2026. *Id.* ¶ 6. A subsequent Status Report, ECF No. 57, filed on February 12, 2026, reported that Plaintiff's deposition was rescheduled to February 17, 2026, due to a scheduling conflict. *Id.* ¶¶ 2-3. Thereafter, on February 18, 2026, Defendant filed a Notice of Non-Compliance, ECF No. 58, which stated that

> [o]n February 17, 2026, Plaintiff appeared for his remote deposition. Plaintiff indicated that he did not wish to provide any testimony despite the Court Order providing for the deposition (ECF No. 55). Plaintiff further stated that he had sent correspondence to the Court indicating he did not wish to continue his lawsuit; no such correspondence has been docketed. As such, the deposition was concluded without any testimony from Plaintiff.

*Id.* ¶ 5.[1] In response to further direction from the Court, *see* ECF No. 59, Defendant filed a copy of the transcript from the deposition proceedings that occurred on February 17, 2026, *see* ECF No. 60. Given these further developments, it is now recommended that this case be dismissed, with prejudice, as a sanction for Plaintiff's failure to comply with this Court's prior order directing compliance with certain discovery obligations.

Relevant to the present recommendation, Plaintiff was deposed on July 9, 2025. ECF No. 46 ¶ 2. As reported by Defendant, "Plaintiff was initially cooperative with respect to background information. As the deposition continued, however, the Plaintiff grew increasingly agitated. Eventually he refused to continue answering questions. Specifically, he refused to provide any information as to the issue at the very heart of this claim, the truthfulness of his grievance." *Id.* As recounted above, Plaintiff was ordered to sit for another deposition and answer questions related to his underlying claim as well as other relevant background information. At the renewed

---

[1] The Court can also confirm that it has not received any communication from Plaintiff indicating that he did not wish to continue with this litigation.

deposition, Plaintiff declined to answer additional questions and, in fact, represented that he did not wish to continue the litigation.

### C.      LEGAL STANDARDS

Rule 37 of the Federal Rules of Civil Procedure governs sanctions against a party who fails to provide discovery as required by the discovery rules or a court order.  Fed. R.Civ. P. 37.  The court must analyze whether the defalcation is by the party, the attorney, or both.  Rule 37 sanctions are available to the district court "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to [engage in] such conduct in the absence of such a deterrent," *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976).  The court has broad discretion regarding the type and degree of sanctions it can impose, *see Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 110 F.R.D. 363, 367 (D. Del. 1986) (citing *Nat'l Hockey League*, 427 U.S. at 642), but the sanctions must be just and related to the claims at issue.  *Estate of Spear v. Comm'r of Internal Revenue Serv.*, 41 F.3d 103, 109 (3d Cir. 1994) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707 (1982)).  Rule 37(b)(2) specifically provides for several sanctions, including discretion to deem facts as established, bar evidence, strike or dismiss pleadings, enter a default judgment, and find a party in contempt.  *See also* Fed. R.Civ. P. 16(f)(1)(C) (a district court, "[o]n motion or on its own . . . may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order").

Rule 41 of these same rules authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order[.]"  Fed. R.Civ. P. 41(b); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 242 n.4 (3d Cir. 2013) ("A Rule 41(b) dismissal may be entered *sua sponte* or on a motion of a party") (citing *Pickel v. U.S.*, 746 F.2d

176, 182 n. 7 (3d Cir. 1984)).  However, before dismissing a case as a sanction for a party's litigation conduct, a district court must consider and balance the factors identified by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

### D.    DISCUSSION

As recognized in the Court's previous order, a party may seek sanctions under Federal Rule of Civil Procedure 37 for certain discovery violations.  *See* Fed. R.Civ. P. 37.  Here, Defendant sought dismissal of Plaintiff's Complaint under Rule 37(d) based on Plaintiff's failure to answer certain questions at his deposition.  ECF No. 47 at 6-8.  In reviewing the applicable caselaw, the Court recognized that dismissal as a sanction for discovery violations was deemed appropriate only after the plaintiff remained steadfast in his refusal to cooperate with the deposition or discovery process in the face of a specific court order directing compliance.  *See* ECF No. 54 at 4-5 (citing *Fattah v. Beard*, 214 F. App'x 230, 233 (3d Cir. 2007); *Washington v. Grace*, 2013 WL 1833799 (M.D. Pa. Apr. 9, 2013); and *Collins v. Williams*, 575 F. Supp. 2d 610 (D. Del. 2008)).

Accordingly, the Court provided Plaintiff with "one final opportunity – under the weight of an order of court requiring compliance – to meet his discovery obligations with the understanding that failure to comply with the order will result in the dismissal of the lawsuit." ECF No. 54 at 5 (citing *Washington*, 2013 WL 1833799, at \*5).  Nevertheless, as the recent filings by Defendant have shown, Plaintiff has eschewed this opportunity to further the instant litigation by cooperating with Defendant's discovery requests.  Consequently, the Court has no other option than to recommend dismissal of the case.

Indeed, as the Third Circuit has observed,

> [b]oth the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders.  *See*, *e.g.*, Fed. R.Civ. P. 37(b)(2)(A)(v); Fed. R.Civ. P.

41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  Nevertheless, because we recognized that "dismissals with prejudice . . . are drastic sanctions," *Poulis*, 747 F.2d at 867, in *Poulis* we enumerated six factors a district court must consider before it dismisses a case pursuant to such authority.  *See id.* at 868.  We have required consideration of the *Poulis* factors when a district court dismisses a case pursuant to Rule 37(b) for failure to respond to discovery, *e.g.*, *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 145, 161-62 (3d Cir. 2003); *Hicks v. Feeney*, 850 F.2d 152, 155-56 (3d Cir. 1988), when a district court dismisses a case pursuant to Rule 41(b) for failure to prosecute, *e.g.*, *Dunbar v. Triangle Lumber & Supply Co.*, 816 F.2d 126, 128-29 (3d Cir.1987), and when a district court enters a default judgment pursuant to Rule 55(b) as a sanction for failure to plead or otherwise defend, *e.g.*, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990).  In addition, we have required a *Poulis* analysis when a district court imposes sanctions that are tantamount to default judgment because they inevitably lead to liability for one party. *E.g.*, *Ali v. Sims*, 788 F.2d 954, 957 (3d Cir. 1986).

*Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (footnote omitted).  *Cf. Dover v. Diguglielmo*, 181 F. App'x 234, 238 (3d Cir. 2006) ("However, a *Poulis* analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal") (citing *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir. 1990)).

This conclusion of dismissal as an appropriate sanction is also warranted in light of the factors announced in *Poulis*, 747 F.2d at 868.[2]  The relevant factors will now be addressed in turn:

*(1) The extent of the party's personal responsibility.*  As he is proceeding *pro se*, Plaintiff is responsible for the conduct of his case.  *See Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir.

---

[2]  These factors do not provide the Court with a "magic formula" for determining whether dismissal is appropriate.  *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).  In conducting the required balancing, "no single *Poulis* factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).  Conversely, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *see also Adegbuji v. Middlesex Cty.*, 347 F. App'x 877, 881 (3d Cir. 2009) ("[W]e have never required complete satisfaction of each *Poulis* factor in order to justify the sanction of dismissal").

2011) ("As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders"). Here, Plaintiff certainly bears personal responsibility for his conduct at the prior deposition as well as his representation that he did not want to proceed with his renewed deposition even after he was advised that the deposition was to be conducted pursuant to a court order and that the case would be dismissed if he did not proceed. ECF No. 60-1 at 2-3 (4:5-6:4). Thus, this factor weighs in support of dismissal.

*(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.* Prejudice to Defendant is apparent where Defendant is unable to get responsive answers to his discovery requests and deposition questions that would enable him to develop appropriate defense and litigation strategies. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 134 (3d Cir. 2019) ("[a]n inability to prepare 'a full and complete trial strategy is sufficiently prejudicial'"). Thus, this factor weighs in support of dismissal.

*(3) A history of dilatoriness.* In addition to Plaintiff's refusal to provide responses to written discovery responses and cooperate in the deposition process, Plaintiff did not respond to Defendant's Motion for Sanctions. Thus, this factor weighs, albeit slightly, in support of dismissal.

*(4) Whether the conduct of the party or the attorney was willful or in bad faith.* "Willfulness involves intentional or self-serving behavior." *Adams v. Trs. of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994). To the extent that Plaintiff's conduct was willful – as reflected in the deposition transcripts – this factor also weighs in support of dismissal.

*(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.* Certainly, the entry of a court order directing compliance was ineffectual, as would be any monetary sanctions, given Plaintiff's litigation status as an incarcerated person,

proceeding IFP.  Thus, this factor also weighs in support of dismissal as a sanction.  *See Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) ("[a]s a general proposition . . . sanctions less than dismissal [are] ineffective when a litigant . . . is proceeding *pro se* and *in forma pauperis*").

*(6) The meritoriousness of the claim or defense.*  Because Plaintiff's First Amendment retaliation claim has survived Defendant's motion to dismiss, *see* ECF Nos. 32, 33, this factor weighs against dismissal.  However, given the weight accorded to the other factors, it is not enough to overcome the recommendation that this case be dismissed as a sanction for Plaintiff's failure to comply with his discovery obligations, including this Court's order specifically directing such compliance.  Accordingly, because analysis of the *Poulis* factors also supports dismissal as a sanction for Plaintiff's failure to meet his discovery obligations, it is recommended that this matter be dismissed with prejudice.

## III.   **CONCLUSION**

Accordingly, it is recommended that this case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  March 4, 2026                                      **BY THE COURT**

                                                  s/ Kezia O. L. Taylor
                                                  KEZIA O. L. TAYLOR
                                                  United States Magistrate Judge

8